UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TURK,<br><br>   Plaintiff,<br><br>   v.<br><br>C. MCCAMENT, et al.,<br><br>   Defendants. | No. 2:17-cv-1545 DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 1915. (ECF No. 4.) Plaintiff alleges defendants violated his rights under the Eighth Amendment and conspired to violate his civil rights under 42 U.S.C. § 1985. Presently before the court is plaintiff's complaint for screening (ECF No. 1) and his motion to proceed in forma pauperis (ECF No. 2). For the reasons set forth below the court will give plaintiff the opportunity to file an amended complaint or to proceed with the original complaint as screened.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

////

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.
Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
////

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.  Does Plaintiff State a Claim Cognizable under 42 U.S.C. § 1983?**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged

violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### A. Allegations of the Complaint

Plaintiff states that the events giving rise to his claim occurred while he was incarcerated at Mule Creek State Prison. (ECF No. 1 at 2.) Plaintiff names as defendants: correctional officers Ball and McCament. (Id.) He claims that on October 11, 2015 he exited his cell to report to the prison medical facility for his regularly scheduled daily treatment. As plaintiff was exiting his cell, McCament forcefully grabbed his arm. Ball grabbed plaintiff's other arm, McCament took plaintiff's cane, and they threw plaintiff back into his assigned cell. (Id. at 4.) Plaintiff states that upon being forcefully pushed back into his cell he lost his balance, collided with the toilet, and hurt his leg. (Id. at 5.) Plaintiff claims he was not given a reason for the use of force or the denial of access to the medical facility. (Id. at 8.)

Plaintiff also claims defendants did not file a report as required by California Department of Corrections and Rehabilitation ("CDCR") rules and regulations. (ECF No. 1 at 8.) He argues that throughout the grievance process defendants Ball and McCament falsely claimed the incident did not occur and supervisory officials concluded defendants did not violate CDCR policy. (Id.)

### B. Analysis

Plaintiff claims that defendants McCament and Ball forcefully grabbed his arm, took his cane away, and pushed him into his cell without provocation. Accordingly, plaintiff has stated a potentially cognizable claim for excessive force in violation of the Eighth Amendment against defendants McCament and Ball. See Hudson v. McMillian, 503 U.S. 1, 6 (1992) (to establish a claim for excessive force, prisoner must show officer applied force maliciously and sadistically to cause harm rather than in a good-faith effort to restore order); Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).

### III. Does Plaintiff State a Claim Cognizable under 42 U.S.C. § 1985?

### A. Allegations of the Complaint

Plaintiff claims that defendants McCament and Ball conspired to violate his civil rights following the incident because they failed to file reports regarding the incident, they falsely

4

claimed the incident did not occur during the administrative grievance process, and that resulted in a finding that defendants did not violate CDCR policy. (ECF No. 1 at 8-9.)

**B. Analysis**

Plaintiff alleges defendants McCament and Ball conspired to violate his civil rights in violation of 42 U.S.C. § 1985. "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a §1985(3) claim. Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted). To state a claim under § 185(3) for a non-race-based class, the Ninth Circuit requires "'either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection.'" Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985)).

A plaintiff seeking to state a § 1985 claim "must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). Thus, a plaintiff must allege "the existence of an agreement or 'meeting of the minds' to violate constitutional rights." Mendocino Envtl. Ctr. V. Mendocino Cnty., 192 F.3d 1283, 1301 (9th Cir. 1999) (citations omitted). A conspiracy may be alleged when a plaintiff states "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights." Harris v. Roderick, 126 F.3d 1189, 1196 (9th Cir. 1997).

In addition to showing a conspiracy, plaintiff must also show an "'actual deprivation of constitutional rights.'" Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v.

Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989). A plaintiff cannot state a conspiracy claim under section 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. See Caldeira v. Cnty of Kauaui, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a § 1983 deprivation of rights precludes a § 1985 conspiracy claim predicated on the same allegations.").

Plaintiff has failed to state a claim under § 1985 because the complaint does not allege facts showing some discriminatory animus behind defendants' actions. See Kush v. Rutledge, 460 U.S. 719, 724-26 (1983) (A cause of action under § 1985(3) requires a showing of some racial or class-based discrimination.). Additionally, plaintiff's allegations that defendants failed to report the incident in violation of prison policy is not sufficient to state a claim under § 1983. Violations of state prison rules and regulations, without more, do not support any claims under § 1983. Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Further, plaintiff's complaint that the grievance procedure resulted in a finding that defendants did not violate CDCR policy cannot serve as the basis for § 1983 liability. The existence of an inmate grievance or appeals process does not create a protected liberty interest upon which plaintiff may base a claim that he was denied a particular result or that the process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Accordingly, plaintiff has not stated a claim for conspiracy to violate his civil rights under § 1985 because he has not alleged facts showing some discriminatory motivation for defendants' actions or that the alleged conspiracy led to a deprivation of his rights under § 1983. However, plaintiff will be given the opportunity to amend the complaint.

**FILING AN AMENDED COMPLAINT**

As set out above, plaintiff fails to state a cognizable claim for conspiracy to violate his rights under § 1985. However, plaintiff will be given an opportunity to amend the complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named

defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

7

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's § 1985 claim is dismissed with leave to amend for failure to plead sufficient facts to state a claim.
4. Plaintiff has the option to proceed immediately on his Eighth Amendment claim against defendants Ball and McCament as set forth in Section II above, or to amend the complaint.
5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.
6. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: September 27, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DB/prisoner-civil rights/turk1545.scrn

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TURK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C. MCCAMENT, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1545 DB P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　Check one:

_____ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants McCament and Ball without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing his § 1985 claim against defendants McCament and Ball without prejudice.

_____ Plaintiff wants to amend the complaint.


DATED:_____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Christopher Turk
　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se